IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMEH FAWZY, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>ILENE MORRIS-SAMBUR )<br>)<br>    and )<br>)<br>CREATING OPPORTUNITIES BY )<br>RECOGNIZING ABILITIES, LLC, )<br>)<br>      Defendants. )<br>_____ ) | Case No. 1:08-cv-00083 |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Ilene Morris-Sambur and Creating Opportunities by Recognizing Abilities, LLC ("CORA") (hereinafter collectively referred to as "Defendants"), by and through their undersigned counsel, hereby respectfully file this Answer and Affirmative Defenses. In answer to the allegations of Plaintiff's Complaint, Defendants state as follows:

1. Defendants state that they lack sufficient information to either admit or deny the allegations of paragraph 1 and so deny.

2. Defendants admit the allegations of paragraph 2.

3. Defendants deny that Defendant Creating Opportunities by Recognizing Abilities, LLC ("CORA") is a corporation; Defendants otherwise admit the remaining allegations of paragraph 3.

4. Defendants state that the allegations set forth in paragraph 4 call for a legal conclusion to which no response is required. To the extent to which a response may be deemed to be required, Defendants deny the allegations of paragraph 4 and demand strict proof thereof.

1

5. The first sentence of paragraph 5 calls for a legal conclusion to which no response is required. To the extent to which a response may be deemed to be required, Defendants deny the first sentence of paragraph 5 and demand strict proof thereof. Admitted that Defendants solicited contact with Plaintiff in the District of Columbia. Defendants are without sufficient information to either admit or deny the allegation that the parties had frequent contact either in person, by telephone, or by email where at least one of the parties was located within the District of Columbia, and so deny. Defendants are without sufficient information to either admit or deny the allegation that the contract at issue was signed by Plaintiff while he was residing within the District of Columbia and so deny. Defendants are without sufficient information to either admit or deny the allegation that Plaintiff is, and at all relevant times was, a resident of the District of Columbia, and so deny.

6. Defendants are without sufficient information to either admit or deny the allegations in the first sentence of paragraph 6 and so deny. Defendants are without sufficient information to either admit or deny that allegations in the second sentence of paragraph 6 and so deny. Admitted that it was at a job fair sponsored by Walter Reed that Plaintiff first encountered Defendant Morris-Sambur, who was also participating in the job fair, representing her company CORA.

7. Defendants deny the allegations of paragraph 7 and demand strict proof thereof.

8. Defendants deny the allegations of paragraph 8 and demand strict proof thereof.

9. Defendants admit the allegations of paragraph 9.

10. Defendants deny the allegations of paragraph 10 and demand strict proof thereof.

11. Defendants admit the first sentence of paragraph 11. Defendants deny the second, third, and fourth sentences of paragraph 11 and demand strict proof thereof.

12. Defendants deny the allegations of paragraph 12 and demand strict proof thereof.

13. Defendants deny the first and second sentences of paragraph 13 and demand strict proof thereof. Defendants admit the third sentence of paragraph 13.

14. Defendants deny the allegations of paragraph 14 and demand strict proof thereof.

15. Defendants deny the allegations of paragraph 15 and demand strict proof thereof.

16. Defendants deny the allegations of paragraph 16 and demand strict proof thereof.

17. Defendants deny the allegations of paragraph 17 and demand strict proof thereof.

18. Defendants admit the first sentence of paragraph 18. Defendants submit that Exhibit 1 to Plaintiff's Complaint speaks for itself and, to the extent that a response may be deemed to be required, deny the allegations of the second and third sentences of paragraph 18 and demand strict proof thereof.

19. Defendants deny the first sentence of paragraph 19 and demand strict proof thereof. Defendants submit that Exhibit 1 to Plaintiff's Complaint speaks for itself and, to the extent that a response may be deemed to be required, Defendants deny the second sentence of paragraph 19 and demand strict proof thereof. Defendants contend that the language of Exhibit 1 to the Complaint speaks for itself and, to the extent that a response may be deemed to be required, deny the third sentence of paragraph 19 and demand strict proof thereof.

20. Defendants deny the allegations of paragraph 20 and demand strict proof thereof.

21. Defendants deny the first sentence of paragraph 21 and demand strict proof thereof. Defendants deny the second sentence of paragraph 21 and demand strict proof thereof. Defendants deny the third sentence of paragraph 21 and demand strict proof thereof. Defendants are without sufficient information to either admit or deny the fourth sentence of paragraph 21 and so deny.

22. Defendants deny the first sentence of paragraph 22 and demand strict proof thereof. Defendants admit that Plaintiff made a contribution of $70,000 to Defendant CORA, LLC, but otherwise deny the second sentence of paragraph 22 and demand strict proof thereof.

23. Defendants deny paragraph 23 and demand strict proof thereof.

24. Defendants are without sufficient information to either admit or deny the first sentence of paragraph 24 and thus deny. Defendants deny the second sentence of paragraph 24 and demand strict proof thereof.

25. Defendants deny the allegations of paragraph 25 and demand strict proof thereof.

26. Defendants are without sufficient information to either admit or deny the allegations in the first sentence of paragraph 26 and so deny. Defendants admit the second sentence of paragraph 26. Defendants deny the third sentence of paragraph 26 and demand strict proof thereof.

27. Defendants deny the allegations paragraph 27 and demand strict proof thereof.

28. Defendants are without sufficient information to either admit or deny the allegations in paragraph 28, and so deny.

29. Defendants deny paragraph 29 and demand strict proof thereof.

30. Defendants incorporate their responses to all facts and allegations as set forth in paragraphs 1-29, above.

31. Defendants state that the allegations set forth in paragraph 31 call for a legal conclusion to which no response is required. To the extent to which a response may be deemed to be required, Defendants deny the allegations of paragraph 31 and demand strict proof thereof.

32. Defendants deny the allegations of paragraph 32 and demand strict proof thereof.

33. Defendants deny the allegations of paragraph 33 and demand strict proof thereof.

34. Defendants deny that they in any fashion misrepresented to Plaintiff CORA's registered vendor status or applications to provide training, job placement, and supervision in approximately 15 states. Defendants otherwise deny the allegations of paragraph 34 and demand strict proof thereof.

35. Defendants deny the allegations of paragraph 35 and demand strict proof thereof.

36. Defendants deny the allegations of paragraph 36 and demand strict proof thereof.

37. Defendants deny the allegations of paragraph 37 and demand strict proof thereof.

WHEREFORE, Defendants pray for judgment in their favor and against the Plaintiff on Count I of the Complaint and deny that Plaintiff is entitled to any of the relief he seeks.

38. Defendants incorporate their responses to all facts and allegations as set forth in paragraphs 1-37, above.

39. Defendants admit the allegations of the first sentence of paragraph 39. Defendants deny the allegations in the second sentence of paragraph 39 and demand strict proof thereof.

40. Defendants deny the allegations of paragraph 40 and demand strict proof thereof.

41. Defendants deny the allegations of paragraph 41 and demand strict proof thereof.

WHEREFORE, Defendants request that judgment be entered in their favor and against the Plaintiff on Count II of the Complaint and deny that Plaintiff is entitled to any of the relief he seeks.

42. Defendants incorporate their responses to all facts and allegations as set forth in paragraphs 1-41, above.

43. Defendants admit that they were aware that Plaintiff was receiving medical treatment as a result of serving combat duty in Iraq and was in fact still residing at Walter Reed at the time Plaintiff invested in CORA. Defendants deny that they were aware that Plaintiff was receiving psychological treatment or that Defendants "induced" Plaintiff to invest in CORA and demand strict proof thereof. Defendants deny all remaining allegations in paragraph 43 and demand strict proof thereof.

44. Defendants deny the allegations of paragraph 44 and demand strict proof thereof.

45. Defendants deny the allegations of paragraph 45 and demand strict proof thereof.

46. Defendants deny the allegations of paragraph 46 and demand strict proof thereof.

47. Defendants deny the allegations of paragraph 47 and demand strict proof thereof.

WHEREFORE, Defendants pray that judgment be entered in their favor and against the Plaintiff on Count III of the Complaint and deny that Plaintiff is entitled to any of the relief he seeks.

48. Defendants incorporate their responses to all facts and allegations as set forth in paragraphs 1-47, above.

49. Defendants deny the allegations of paragraph 49 and demand strict proof thereof.

50. Defendants deny the allegations of paragraph 50 and demand strict proof thereof.

51. Defendants deny the allegations of paragraph 51 and demand strict proof thereof.

WHEREFORE, Defendants pray that judgment be entered in their favor and against the Plaintiff on Count IV of the Complaint and deny that Plaintiff is entitled to any of the relief he seeks.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

52. Plaintiff's Complaint fails to state a claim for which relief may be granted.

### SECOND DEFENSE

53. Plaintiff's claims are frivolous, lack factual foundation, and are brought in bad faith.

### THIRD DEFENSE

54. Plaintiff's claims are brought for an improper purpose, including possibly a purpose sanctionable under Rule 11 of the Federal Rules of Civil Procedure.

### FOURTH DEFENSE

55. Plaintiff is estopped from asserting his claims.

### FIFTH DEFENSE

56. Plaintiff has waived his claims and/or his right to the relief requested.

### SIXTH DEFENSE

57. Plaintiff is in breach of and in default of the underlying operating agreement.

### SEVENTH DEFENSE

58. Defendants deny their breach of any common law, contractual, or statutory duties to Plaintiff.

### EIGHTH DEFENSE

59. Defendants deny that they owe any sums of money or have any liability to Plaintiff as alleged in the Complaint.

### NINTH DEFENSE

60. Plaintiff's claims are subject to set-off.

## TENTH DEFENSE

61. Plaintiff has failed to comply with the statutory requirements necessary for Plaintiff to prevail on his claims.

## ELEVENTH DEFENSE

62. Plaintiff's claims are precluded by the statute of frauds.

## TWELFTH DEFENSE

63. Plaintiff's claims are precluded by the parole evidence rule.

## THIRTEENTH DEFENSE

64. Plaintiff's claims are barred by the applicable statutes of limitations.

## FOURTEENTH DEFENSE

65. Plaintiff's claims are barred because Defendants were privileged and justified in acting as they did.

## FIFTEENTH DEFENSE

66. Defendants owed Plaintiff no heightened duty of care.

## SIXTEENTH DEFENSE

67. Plaintiff's claims are barred by the doctrine of unclean hands.

## SEVENTEENTH DEFENSE

68. Plaintiff has failed to mitigate any damages that he is alleged to have suffered.

## EIGHTEENTH DEFENSE

69. No fiduciary or other special relationship exists between Plaintiff and Defendants.

## NINETEENTH DEFENSE

70. Plaintiff has suffered no injury or damages proximately or actually caused by any act or omission of Defendants.

### TWENTIETH DEFENSE

71.     Defendants at all times and places performed and discharged each and every obligation owed to Plaintiff, if any, except such obligations as Defendants were excused from performing as a result of Plaintiff's conduct and failure to perform his obligations.

### TWENTY-FIRST DEFENSE

72.     The Defendants performed and discharged in good faith each and every obligation they owed, if any, to Plaintiff.

### TWENTY-SECOND DEFENSE

73.     Plaintiff's claims are barred by virtue of Plaintiff's failure to perform and/or breach of his obligations to Defendants.

### TWENTY-THIRD DEFENSE

74.     Conditions precedent to any payment Plaintiff alleges he is owed by Defendants are not satisfied.

### TWENTY-FOURTH DEFENSE

75.     Defendants intend to rely upon all other defenses as authorized by law.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants deny that Plaintiff is entitled to any of the relief requested in his Complaint, deny that they owe any sums of money to Plaintiff, and respectfully request that the Complaint be dismissed with prejudice, that judgment be entered in their favor, and that Defendants be awarded their costs, expenses, attorney's fees, and such other relief as may be just and proper.

Respectfully submitted,

THOMPSON HINE LLP

Dated: March 7, 2008    By:_____/s/ Kip Schwartz_____
Christopher "Kip" Schwartz (D.C. Bar #4 44650)
kip.schwartz@thompsonhine.com
1920 N Street, N.W., Suite 800
Washington, D.C. 20036
Telephone - (202) 331-8800
Facsimile – (202) 331-8330

*Counsel for Defendants Ilene Morris-Sambur and Creating Opportunities by Recognizing Abilities, LLC*

## CERTIFICATE OF SERVICE

I, Kip Schwartz, hereby certify that, on March 7, 2008, I caused a true and correct copy of the foregoing Answer and Affirmative Defenses to be served via the Court's efiling/ECF system on the following:

>Donna M. Drake, Esq.
>HOWREY LLP
>1299 Pennsylvania Avenue, NW
>Washington, D.C. 20004-2402
>
>*Counsel for Plaintiff*

/s/ Kip Schwartz

195803v.1