IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMEH FAWZY,<br><br>Plaintiff<br><br>v.<br><br>ILENE MORRIS-SAMBUR and CREATING OPPORTUNITIES BY RECOGNIZING ABILITIES, LLC,<br><br>Defendants. | Case No. 1:08-cv-00083 (RWR) |

**BRIEF STATEMENT OF THE CASE**

Pursuant to this Court's Order for Initial Scheduling Conference, dated April 14, 2008, Plaintiff and Defendants respectfully submit the following brief statement of the case and the statutory basis for all causes of action and defenses currently pled in the case:

1. Plaintiff is a 31 year-old veteran who was undergoing treatment at Walter Reed Army Medical Center ("Walter Reed") after a tour of duty in Iraq.

2. Defendant Ilene Morris-Sambur ("Sambur") is the Manager of Defendant Creating Opportunities by Recognizing Abilities, L.L.C. ("CORA").

3. In December 2006, a job fair was held on the Walter Reed campus as part of a program to reintegrate veterans back into civilian life. Plaintiff and Defendants attended the job fair.

4.      In early 2007, Plaintiff transferred $70,000 to Defendants. In connection with the transfer of funds, Plaintiff signed the document entitled "Operating Agreement Creating Opportunities by Recognizing Abilities L.L.C." ("the Agreement").

5.      Plaintiff maintains that material misrepresentations were made in connection with his assent to the Agreement, that Defendants' conduct violated the covenant of good faith and fair dealing, and that because of Defendants' intentional conduct, he suffered severe emotional distress. In addition, Plaintiff alleges a violation of Section 10(b)(5) of the Securities Exchange Act. The statutory basis for this cause of action is 15 U.S.C. § 78j (2006).

6.      Defendants deny that they or their agents made any misrepresentations to Plaintiff in conjunction with Plaintiff's capital investment in the limited liability company or that they acted in any manner inconsistent from the utmost good faith and fair dealing with respect to their interactions with Plaintiff. Defendants deny that Plaintiff suffered severe emotional distress as a result of any of their actions. Rather, Defendants contend that Plaintiff instead unilaterally decided, in contravention of the terms of the Agreement, to withdraw from membership several months after the limited liability company was formed. Defendants also contend that Section 10(b)(5) of the Securities Exchange Act is inapplicable to the allegations in this case, as the Agreement at issue is the operating agreement for a privately-held limited liability company, not a security registered on a national securities exchange or any other security instrument as that term is defined at 15 U.S.C. § 78c(10) (2006).

## **LOCAL CIVIL RULE 16.3 REPORT**

Pursuant to FED. R. CIV. P. 26(f) and LCvR 16.3, Plaintiff and Defendants respectfully submit the following report of their conference.

1. <u>Dispositive Motions</u>:  There are no dispositive motions pending.  The parties agree that the viability of dispositive motions cannot be assessed at this time.

2. <u>Amended Pleadings</u>:  The parties agree that any motion seeking leave of court to amend pleadings to add a claim or a party shall be filed not later than August 19, 2008.  At this time, it is uncertain whether there are factual and legal issues that can be agreed upon or narrowed.

3. <u>Assignment to Magistrate Judge</u>:  The parties do not consent to assignment of this case to a magistrate judge.

4. <u>Settlement</u>:  Counsel for parties agree that settlement remains a possibility, but to this date an agreement has not been reached.  Counsel for both parties have exchanged a number of settlement offers but there remains a gap between the two sides.

5. <u>Alternative Dispute Resolution ("ADR") Procedures</u>:  At this time, the parties do not believe that the case could benefit from the Court's ADR Procedures.

6. <u>Dispositive Motions</u>:  The parties agree that any dispositive motions, supporting briefs and other materials should be filed on or before January 21, 2009.  The parties request that the schedule for filing opposing and reply briefs be determined at a later time should the need arise.

7. <u>Initial Disclosures</u>:  The parties agree that the initial disclosures required by FED. R. CIV. P. 26(a)(1) shall be made no later than June 11, 2008.

8. <u>Discovery</u>:  The parties request that they have until December 22, 2008 to

DM_US:21226939_1

complete all discovery. No protective order is required at this time. Defendants will require the execution of a confidentiality agreement to govern the production of Defendant Ilene Morris-Sambur's personal financial information and communications, as well as confidential corporate information, including financial information. The parties further agree that Depositions, Interrogatories, Requests for Production, Requests for Admission, and their respective responses shall be governed, without modification, by the applicable Federal Rules of Civil Procedure and the Local Rules of the District Court for the District of Columbia.

9. <u>Experts</u>: The parties agree that the disclosure of expert testimony required by Rule 26(a)(2) and/or discovery served pursuant to Rules 33 and 26(b)(4) shall be made as follows:

    a. Plaintiff shall serve the disclosures required by this paragraph not later than September 22, 2008.

    b. Defendants shall serve the disclosures required by this paragraph not later than October 22, 2008.

    c. All expert discovery, including depositions, shall be concluded by December 22, 2008.

10. <u>Class Action Procedures</u>: Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>: The parties agree that bifurcation of discovery or trial is not necessary.

12. <u>Proposed Date for the Pretrial Conference</u>: The parties agree that the pretrial conference date shall be set by the Court.

13. <u>Trial Date</u>: The parties agree that the trial date should be set at the

pretrial conference.

14. <u>Other Matters</u>: The parties agree to accept service of written discovery by electronic mail and that the response time, if any, will be computed on the same basis as service by facsimile.

Dated: May 14, 2008

*For Plaintiff Sameh Fawzy*

HOWREY LLP
1299 Pennsylvania Ave., NW
Washington, DC 20004
(202) 383-6848 – Telephone
(202) 383-6610 – Facsimile

BY: /s/ Dawn Ellison
    DAWN ELLISON
    DC Bar No. 464296
    ellisond@howrey.com

BY: /s/ Martin Cunniff
    MARTIN CUNNIFF
    USDC DC Bar No. 424219
    cuniffm@howrey.com

*For Defendants Ilene Morris-Sambur and Creating Opportunities by Recognizing Abilities, LLC*

THOMPSON HINE LLP
1920 N Street, NW
Suite 800
Washington, DC 20036
(202) 331-8800 Telephone
(202) 331-8330 Facsimile

BY: /s/ Kip Schwartz
    CHRISTOPHER "KIP" SCHWARTZ
    USDC DC Bar No. 444650
    kip.schwartz@thompsonhine.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMEH FAWZY,<br><br>Plaintiff<br><br>v.<br><br>ILENE MORRIS-SAMBUR and CREATING OPPORTUNITIES BY RECOGNIZING ABILITIES, LLC,<br><br>Defendants. | Case No. 1:08-cv-00083 (RWR) |

## PROPOSED SCHEDULING ORDER

On May 21, 2008, the Court held the Case Management Conference in the above-entitled matter. The Court enters the following Scheduling Order:

| EVENT | DATE |
|---|---|
| Initial Disclosures | June 11, 2008 |
| Deadline for Amending Pleadings | August 19, 2008 |
| Deadline for Dispositive Motions | January 21, 2009 |
| Discovery (including expert) to be completed by | December 22, 2008 |
| Plaintiff Rule 26(a)(2) Reports from Experts | September 22, 2008 |
| Defendant Rule 26(a)(2) Reports from Experts | October 22, 2008 |
| Pretrial Conference | Determined by the Court |
| Trial Date | Set at Pretrial Conference |

DATED this _____ day of May, 2008

BY THE COURT:

_____
U.S. District Court Judge