IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMEH FAWZY,                              )
                                         )
        Plaintiff,                       )
    v.                                   )
                                         )
ILENE MORRIS-SAMBUR                      )    Case No. 1:08-cv-00083
                                         )
    and                                  )
                                         )
CREATING OPPORTUNITIES BY                )
RECOGNIZING ABILITIES, LLC,              )
                                         )
        Defendants.                      )
_____      )
                                         )
ILENE MORRIS-SAMBUR,                     )
                                         )
    and                                  )
                                         )
CREATING OPPORTUNITIES BY                )
RECOGNIZING ABILITIES, LLC,              )
                                         )
        Plaintiffs,                      )
                                         )
    v.                                   )
                                         )
SAMEH FAWZY,                             )
                                         )
        Defendant.                       )
_____      )

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Ilene Morris-Sambur and Creating Opportunities by Recognizing Abilities,

LLC ("CORA") (hereinafter collectively referred to as "Defendants"), by and through their

undersigned counsel, hereby respectfully file this Answer and Affirmative Defenses.  In answer

to the allegations of Plaintiff's Complaint, Defendants state as follows:

1.      Defendants state that they lack sufficient information to either admit or deny the allegations of paragraph 1 and so deny.

2.      Defendants admit the allegations of paragraph 2.

3.      Defendants deny that Defendant Creating Opportunities by Recognizing Abilities, LLC ("CORA") is a corporation; Defendants otherwise admit the remaining allegations of paragraph 3.

4.      Defendants state that the allegations set forth in paragraph 4 call for a legal conclusion to which no response is required.  To the extent to which a response may be deemed to be required, Defendants deny the allegations of paragraph 4 and demand strict proof thereof.

5.      The first sentence of paragraph 5 calls for a legal conclusion to which no response is required.  To the extent to which a response may be deemed to be required, Defendants deny the first sentence of paragraph 5 and demand strict proof thereof.  Admitted that Defendants solicited contact with Plaintiff in the District of Columbia.  Defendants are without sufficient information to either admit or deny the allegation that the parties had frequent contact either in person, by telephone, or by email where at least one of the parties was located within the District of Columbia, and so deny.  Defendants are without sufficient information to either admit or deny the allegation that the contract at issue was signed by Plaintiff while he was residing within the District of Columbia and so deny.  Defendants are without sufficient information to either admit or deny the allegation that Plaintiff is, and at all relevant times was, a resident of the District of Columbia, and so deny.

6.      Defendants are without sufficient information to either admit or deny the allegations in the first sentence of paragraph 6 and so deny.  Defendants are without sufficient information to either admit or deny that allegations in the second sentence of paragraph 6 and so

deny.  Admitted that it was at a job fair sponsored by Walter Reed that Plaintiff first encountered

Defendant Morris-Sambur, who was also participating in the job fair, representing her company

CORA.

7. Defendants deny the allegations of paragraph 7 and demand strict proof thereof.

8. Defendants deny the allegations of paragraph 8 and demand strict proof thereof.

9. Defendants admit the allegations of paragraph 9.

10. Defendants deny the allegations of paragraph 10 and demand strict proof thereof.

11. Defendants admit the first sentence of paragraph 11.  Defendants deny the second, third, and fourth sentences of paragraph 11 and demand strict proof thereof.

12. Defendants deny the allegations of paragraph 12 and demand strict proof thereof.

13. Defendants deny the first and second sentences of paragraph 13 and demand strict proof thereof.  Defendants admit the third sentence of paragraph 13.

14. Defendants deny the allegations of paragraph 14 and demand strict proof thereof.

15. Defendants deny the allegations of paragraph 15 and demand strict proof thereof.

16. Defendants deny the allegations of paragraph 16 and demand strict proof thereof.

17. Defendants deny the allegations of paragraph 17 and demand strict proof thereof.

18. Defendants admit the first sentence of paragraph 18.  Defendants submit that Exhibit 1 to Plaintiff's Complaint speaks for itself and, to the extent that a response may be deemed to be required, deny the allegations of the second and third sentences of paragraph 18 and demand strict proof thereof.

19. Defendants deny the first sentence of paragraph 19 and demand strict proof thereof.  Defendants submit that Exhibit 1 to Plaintiff's Complaint speaks for itself and, to the extent that a response may be deemed to be required, Defendants deny the second sentence of

3

paragraph 19 and demand strict proof thereof.  Defendants contend that the language of Exhibit 1 to the Complaint speaks for itself and, to the extent that a response may be deemed to be required, deny the third sentence of paragraph 19 and demand strict proof thereof.

20.    Defendants deny the allegations of paragraph 20 and demand strict proof thereof.

21.    Defendants deny the first sentence of paragraph 21 and demand strict proof thereof.  Defendants deny the second sentence of paragraph 21 and demand strict proof thereof.  Defendants deny the third sentence of paragraph 21 and demand strict proof thereof.  Defendants are without sufficient information to either admit or deny the fourth sentence of paragraph 21 and so deny.

22.    Defendants deny the first sentence of paragraph 22 and demand strict proof thereof.  Defendants admit that Plaintiff made a contribution of $70,000 to Defendant CORA, LLC, but otherwise deny the second sentence of paragraph 22 and demand strict proof thereof.

23.    Defendants deny paragraph 23 and demand strict proof thereof.

24.    Defendants are without sufficient information to either admit or deny the first sentence of paragraph 24 and thus deny.  Defendants deny the second sentence of paragraph 24 and demand strict proof thereof.

25.    Defendants deny the allegations of paragraph 25 and demand strict proof thereof.

26.    Defendants are without sufficient information to either admit or deny the allegations in the first sentence of paragraph 26 and so deny.  Defendants admit the second sentence of paragraph 26.  Defendants deny the third sentence of paragraph 26 and demand strict proof thereof.

27.    Defendants deny the allegations paragraph 27 and demand strict proof thereof.

28.     Defendants are without sufficient information to either admit or deny the allegations in paragraph 28, and so deny.

29.     Defendants deny paragraph 29 and demand strict proof thereof.

30.     Defendants deny the first sentence of paragraph 30 and demand strict proof thereof.  Defendants admit that, in 2007, CORA provided Morris-Sambur and her husband loans and spent over $28,000 for two rental properties.  Defendants deny the remaining allegations contained in the second sentence of paragraph 30 of the Complaint and demand strict proof thereof.  Defendants admit that Morris-Sambur was paid a salary as Manager.  Defendants state that paragraph 3.5 of the Operating Agreement speaks for itself and deny the remaining allegations contained in the third sentence of paragraph 30.

31.     Defendants incorporate their responses to all facts and allegations as set forth in paragraphs 1-30, above.

32.     Defendants state that the allegations set forth in paragraph 32 call for a legal conclusion to which no response is required.  To the extent to which a response may be deemed to be required, Defendants deny the allegations of paragraph 32 and demand strict proof thereof.

33.     Defendants deny the allegations of paragraph 33 and demand strict proof thereof.

34.     Defendants deny the allegations of paragraph 34 and demand strict proof thereof.

35.     Defendants deny that they in any fashion misrepresented to Plaintiff CORA's registered vendor status or applications to provide training, job placement, and supervision in approximately 15 states.  Defendants otherwise deny the allegations of paragraph 35 and demand strict proof thereof.

36.     Defendants deny the allegations of paragraph 36 and demand strict proof thereof.

37.     Defendants deny the allegations of paragraph 37 and demand strict proof thereof.

38.    Defendants deny the allegations of paragraph 38 and demand strict proof thereof.

WHEREFORE, Defendants pray for judgment in their favor and against the Plaintiff on Count I of the Amended Complaint and deny that Plaintiff is entitled to any of the relief he seeks.

39.    Defendants incorporate their responses to all facts and allegations as set forth in paragraphs 1-38, above.

40.    Defendants admit the allegations of the first sentence of paragraph 40. Defendants deny the allegations in the second sentence of paragraph 40 and demand strict proof thereof.

41.    Defendants deny the allegations of paragraph 41 and demand strict proof thereof.

42.    Defendants deny the allegations of paragraph 42 and demand strict proof thereof.

WHEREFORE, Defendants request that judgment be entered in their favor and against the Plaintiff on Count II of the Amended Complaint and deny that Plaintiff is entitled to any of the relief he seeks.

43.    Defendants incorporate their responses to all facts and allegations as set forth in paragraphs 1-42, above.

44.    Defendants admit that they were aware that Plaintiff was receiving medical treatment as a result of serving combat duty in Iraq and was in fact still residing at Walter Reed at the time Plaintiff invested in CORA. Defendants deny that they were aware that Plaintiff was receiving psychological treatment or that Defendants "induced" Plaintiff to invest in CORA and

demand strict proof thereof.  Defendants deny all remaining allegations in paragraph 44 and demand strict proof thereof.

45.     Defendants deny the allegations of paragraph 45 and demand strict proof thereof.

46.     Defendants deny the allegations of paragraph 46 and demand strict proof thereof.

47.     Defendants deny the allegations of paragraph 47 and demand strict proof thereof.

48.     Defendants deny the allegations of paragraph 48 and demand strict proof thereof.

WHEREFORE, Defendants pray that judgment be entered in their favor and against the Plaintiff on Count III of the Amended Complaint and deny that Plaintiff is entitled to any of the relief he seeks.

49.     Defendants incorporate their responses to all facts and allegations as set forth in paragraphs 1-48, above.

50.     Defendants deny the allegations of paragraph 50 and demand strict proof thereof.

51.     Defendants deny the allegations of paragraph 51 and demand strict proof thereof.

52.     Defendants state that the allegations set forth in paragraph 52 call for a legal conclusion to which no response is required.  To the extent to which a response may be deemed to be required, Defendants deny the allegations of paragraph 52 and demand strict proof thereof.

WHEREFORE, Defendants pray that judgment be entered in their favor and against the Plaintiff on Count IV of the Amended Complaint and deny that Plaintiff is entitled to any of the relief he seeks.

53.     Defendants incorporate their responses to all facts and allegations as set forth in paragraphs 1-52, above.

54.    Defendants admit the first sentence of paragraph 54 only to the extent that Plaintiff made multiple written demands to Defendants requesting a copy of CORA's Operating Agreement as well as information related to its financial records and business operations. Defendants state that the remaining allegations in the first sentence of paragraph 54 call for a legal conclusion to which no response is required.  To the extent to which a response may be deemed to be required, Defendants deny the remaining allegations of the first sentence of paragraph 54 and demand strict proof thereof.  Defendants admit that Plaintiff made requests for financial information on February 7, 2008, March 12, 2008, and May 12, 2008, and that Defendants provided responsive financial information to Plaintiff.  Defendants deny the remaining allegations of paragraph 54 and demand strict proof thereof.

55.    Defendants deny the allegations of paragraph 55 and demand strict proof thereof. Defendants also note that paragraph 55 fails to make a concrete allegation.

56.    Defendants deny the allegations of paragraph 56 and demand strict proof thereof.

57.    Defendants admit that Defendant Morris-Sambur received a minimal salary from CORA.  Defendants state that paragraphs 3.5 and 6.1 of the Operating Agreement speak for themselves.  Defendants deny the remaining allegations of paragraph 57 and demand strict proof thereof.

WHEREFORE, Defendants pray that judgment be entered in their favor and against the Plaintiff on Count V of the Amended Complaint and deny that Plaintiff is entitled to any of the relief he seeks.

58.    Defendants incorporate their responses to all facts and allegations as set forth in paragraphs 1-57, above.

59.     Defendants state that the allegations set forth in paragraph 59 call for a legal conclusion to which no response is required.  To the extent to which a response may be deemed to be required, Defendants deny the allegations of paragraph 59 and demand strict proof thereof.

60.     Defendants state that the allegations set forth in the third sentence of paragraph 60 call for a legal conclusion to which no response is required.  To the extent to which a response may be deemed to be required, Defendants deny the allegations in the third sentence of paragraph 60 and demand strict proof thereof.  Defendants deny all remaining allegations in paragraph 60 and demand strict proof thereof.

61.     Defendants state that the allegations set forth in paragraph 61 call for a legal conclusion to which no response is required.  To the extent to which a response may be deemed to be required, Defendants deny the allegations of paragraph 61 and demand strict proof thereof.

62.     Defendants state that the allegations set forth in paragraph 62 call for a legal conclusion to which no response is required.  To the extent to which a response may be deemed to be required, Defendants deny the allegations of paragraph 62 and demand strict proof thereof.

63.     Defendants state that the allegations set forth in the first and second sentences of paragraph 63 call for a legal conclusion to which no response is required.  To the extent to which a response may be deemed to be required, Defendants deny the allegations in the first and second sentences of paragraph 63 and demand strict proof thereof.  Defendants deny the remaining allegations of paragraph 63 and demand strict proof thereof.

64.     Defendants state that the allegations set forth in the first sentence of paragraph 64 call for a legal conclusion to which no response is required.  To the extent to which a response may be deemed to be required, Defendants deny the allegations in the first sentence of paragraph

64 and demand strict proof thereof. Defendants deny the remaining allegations of paragraph 64 and demand strict proof thereof.

WHEREFORE, Defendants pray that judgment be entered in their favor and against the Plaintiff on Count VI of the Amended Complaint and deny that Plaintiff is entitled to any of the relief he seeks.

65.    Defendants incorporate their responses to all facts and allegations as set forth in paragraphs 1-64, above.

66.    Defendants deny the first sentence of paragraph 66 and demand strict proof thereof. Defendants admit that Attachment 1 to the Amended Complaint constitutes the draft CORA Operating Agreement, which outlined the rights and duties of the company's members. Defendants otherwise deny the remaining allegations set forth in paragraph 66.

67.    Defendants state that the allegations set forth in the first sentence of paragraph 67 calls for a legal conclusion to which no response is required. Defendants also state that paragraph 2.1 of the Operating Agreement speaks for itself. To the extent to which a response may be deemed to be required, Defendants deny the allegations of the first sentence of paragraph 67 and demand strict proof thereof. Admitted that Plaintiff made written demands for information regarding such a meeting, and that Defendants have not provided any response on this subject. Defendants otherwise deny the remaining allegations set forth in the second sentence of paragraph 67 and demand strict proof thereof.

68.    Defendants state that the allegations set forth in the first sentence of paragraph 68 call for a legal conclusion to which no response is required. Defendants also state that paragraph 3.2 of the Operating Agreement speaks for itself. To the extent to which a response may be

deemed to be required, Defendants deny the allegations of paragraph 68 and demand strict proof thereof.

69.     Defendants state that the allegations set forth in paragraph 69 call for a legal conclusion to which no response is required. Defendants also state that paragraph 6.3 of the Operating Agreement speaks for itself. To the extent to which a response may be deemed to be required, Defendants deny the allegations of paragraph 69 and demand strict proof thereof.

70.     Defendants state that the allegations set forth in paragraph 70 call for a legal conclusion to which no response is required. Defendants also state that paragraph 3.5 of the Operating Agreement speaks for itself. To the extent to which a response may be deemed to be required, Defendants admit only that Defendant Morris-Sambur received a salary; Defendants deny the remaining allegations of paragraph 70 and demand strict proof thereof.

71.     Defendants deny the allegations set forth in paragraph 71 and demand strict proof thereof.

72.     Defendants deny the allegations set forth in paragraph 72 and demand strict proof thereof. Defendants also assert that paragraph 72 has been alleged in bad faith, as it directly contradicts the allegations contained in paragraphs 18 and 22 of the Amended Complaint.

WHEREFORE, Defendants pray that judgment be entered in their favor and against the Plaintiff on Count VII of the Amended Complaint and deny that Plaintiff is entitled to any of the relief he seeks.

73.     Defendants incorporate their responses to all facts and allegations as set forth in paragraphs 1-72, above.

74.    Defendants state that the allegations set forth in paragraph 74 call for a legal conclusion to which no response is required.  To the extent to which a response may be deemed to be required, Defendants deny the allegations of paragraph 74 and demand strict proof thereof.

75.    Defendants deny the allegations set forth in paragraph 75 and demand strict proof thereof.

76.    Defendants deny the allegations set forth in paragraph 76 and demand strict proof thereof.

WHEREFORE, Defendants pray that judgment be entered in their favor and against the Plaintiff on Count VIII of the Amended Complaint and deny that Plaintiff is entitled to any of the relief he seeks.


77.    Defendants incorporate their responses to all facts and allegations as set forth in paragraphs 1-76, above.

78.    Defendants state that the allegations set forth in paragraph 78 call for a legal conclusion to which no response is required.  To the extent to which a response may be deemed to be required, Defendants deny the allegations of paragraph 78 and demand strict proof thereof.

79.    Defendants deny the allegations set forth in paragraph 79 and demand strict proof thereof.

80.    Defendants deny the allegations set forth in paragraph 80 and demand strict proof thereof.

81.    Defendants deny the allegations set forth in paragraph 81 and demand strict proof thereof.

82.    Defendants deny the allegations set forth in paragraph 82 and demand strict proof thereof.

83.    Defendants deny the allegations set forth in paragraph 83 and demand strict proof thereof.

WHEREFORE, Defendants pray that judgment be entered in their favor and against the Plaintiff on Count IX of the Amended Complaint and deny that Plaintiff is entitled to any of the relief he seeks.

84.    Defendants incorporate their responses to all facts and allegations as set forth in paragraphs 1-83, above.

85.    Defendants deny the allegations set forth in paragraph 85 and demand strict proof thereof.

86.    Defendants deny the allegations set forth in paragraph 86 and demand strict proof thereof.

87.    Defendants deny the allegations set forth in paragraph 87 and demand strict proof thereof.

WHEREFORE, Defendants pray that judgment be entered in their favor and against the Plaintiff on Count X of the Amended Complaint and deny that Plaintiff is entitled to any of the relief he seeks.

88.    Defendants incorporate their responses to all facts and allegations as set forth in paragraphs 1-87, above.

89.     Defendants specifically deny that CORA earned any profits over the course of 2007 and also deny all remaining allegations set forth in paragraph 89 and demand strict proof thereof.

90.     Defendants deny the allegations set forth in paragraph 90 and demand strict proof thereof.

91.     Defendants deny the allegations set forth in paragraph 91 and demand strict proof thereof.

WHEREFORE, Defendants pray that judgment be entered in their favor and against the Plaintiff on Count XI of the Amended Complaint and deny that Plaintiff is entitled to any of the relief he seeks.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

92.     Plaintiff's Amended Complaint fails to state a claim for which relief may be granted.

### SECOND DEFENSE

93.     Plaintiff's claims are frivolous, lack factual foundation, and are brought in bad faith.

### THIRD DEFENSE

94.     Plaintiff's claims are brought for an improper purpose, including possibly a purpose sanctionable under Rule 11 of the Federal Rules of Civil Procedure.

### FOURTH DEFENSE

95.     Plaintiff is estopped from asserting his claims.

**FIFTH DEFENSE**

96.    Plaintiff has waived his claims and/or his right to the relief requested.

**SIXTH DEFENSE**

97.    Plaintiff is in breach of and in default of the underlying Operating Agreement.

**SEVENTH DEFENSE**

98.    Defendants deny their breach of any common law, contractual, or statutory duties to Plaintiff.

**EIGHTH DEFENSE**

99.    Defendants deny that they owe any sums of money or have any liability to Plaintiff as alleged in the Complaint.

**NINTH DEFENSE**

100.    Plaintiff's claims are subject to set-off.

**TENTH DEFENSE**

101.    Plaintiff has failed to comply with the statutory requirements necessary for Plaintiff to prevail on his claims.

**ELEVENTH DEFENSE**

102.    Plaintiff's claims are precluded by the statute of frauds.

**TWELFTH DEFENSE**

103.    Plaintiff's claims are precluded by the parole evidence rule.

**THIRTEENTH DEFENSE**

104.    Plaintiff's claims are barred by the applicable statutes of limitations.

### FOURTEENTH DEFENSE

105.     Plaintiff's claims are barred because Defendants were privileged and justified in acting as they did.

### FIFTEENTH DEFENSE

106.     Defendants owed Plaintiff no heightened duty of care.

### SIXTEENTH DEFENSE

107.     Plaintiff's claims are barred by the doctrine of unclean hands.

### SEVENTEENTH DEFENSE

108.     Plaintiff has failed to mitigate any damages that he is alleged to have suffered.

### EIGHTEENTH DEFENSE

109.     No fiduciary or other special relationship exists between Plaintiff and Defendants.

### NINETEENTH DEFENSE

110.     Plaintiff has suffered no injury or damages proximately or actually caused by any act or omission of Defendants.

### TWENTIETH DEFENSE

111.     Defendants at all times and places performed and discharged each and every obligation owed to Plaintiff, if any, except such obligations as Defendants were excused from performing as a result of Plaintiff's conduct and failure to perform his obligations.

### TWENTY-FIRST DEFENSE

112.     The Defendants performed and discharged in good faith each and every obligation they owed, if any, to Plaintiff.

### TWENTY-SECOND DEFENSE

113.    Plaintiff's claims are barred by virtue of Plaintiff's failure to perform and/or breach of his obligations to Defendants.

### TWENTY-THIRD DEFENSE

114.    Conditions precedent to any payment Plaintiff alleges he is owed by Defendants are not satisfied.

### TWENTY-FOURTH DEFENSE

115.    Plaintiff's claims are barred and/or precluded by his fraudulent inducement of Defendants into executing the Operating Agreement at issue in this case.

### TWENTY-FIFTH DEFENSE

116.    Defendants intend to rely upon all other defenses as authorized by law.

### TWENTY-SIXTH DEFENSE

117.    One or more of Plaintiff's claims are the subject of an accord and satisfaction.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendants deny that Plaintiff is entitled to any of the relief requested in his Complaint, deny that they owe any sums of money to Plaintiff, and respectfully request that the Complaint be dismissed with prejudice, that judgment be entered in their favor, and that Defendants be awarded their costs, expenses, attorney's fees, and such other relief as may be just and proper.

## COUNTERCLAIM

COME NOW Counter-Plaintiffs Ilene Morris-Sambur ("Morris-Sambur") and Creating Opportunities by Recognizing Abilities, LLC ("CORA") (collectively, "Counter-Plaintiffs"), by and through their undersigned counsel and for their Counterclaim against Counter-Defendant Sameh Fawzy ("Fawzy"), do hereby allege and aver as follows:

## NATURE OF THE ACTION

1.      This is an action for equitable relief in the form of rescission and for damages resulting from the fraudulent misrepresentations of Counter-Defendant in breach of his common law duties and resulting from Counter-Defendant's breach of his contractual obligations to Counter-Plaintiffs.

## PARTIES

2.      Counter-Plaintiff Ilene Morris-Sambur is an individual residing at 541 Berkshire Valley Road, Wharton, New Jersey 07885.

3.      Counter-Plaintiff Creating Opportunities by Recognizing Abilities, LLC is a limited liability company organized and existing under the laws of the State of New Jersey with its principle office located at 541 Berkshire Valley Road, Wharton, New Jersey 07885.

4.      Counter-Defendant Sameh Fawzy, is an individual who, upon information and belief, resides at 13798 Autumn Glory Court, Chantilly, Virginia 20151.  (See Amended Complaint at ¶ 1.)

## JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over Counter-Defendant as he has already submitted himself to the Court's jurisdiction by bringing several claims against Counter-Plaintiffs in his Complaint.

6.      This Court has supplemental subject matter jurisdiction over the compulsory counterclaims asserted in this matter pursuant to 28 U.S.C. § 1367.

7.      This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as an action between citizens of different States where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the District in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

9.      Morris-Sambur and Fawzy first met at a December 2006 job fair sponsored by Walter Reed Army Medical Center.  Following the job fair, Morris-Sambur and Fawzy remained in contact regarding employment opportunities.  At the time of their first meeting and subsequent communications, Fawzy appeared to be and was in control of all of his mental faculties.

10.     At the time of all communications relevant to this action, Fawzy was competent to enter into a binding contractual relationship.

11.     During their initial communications, when Morris-Sambur suggested that Fawzy could gain valuable experience as an employee of a yet-to-be-formed enterprise to be established with the business purpose of providing employment opportunities for injured and returning veterans, Fawzy rejected the notion of being "just an employee" and expressed his extreme interest in becoming a "business partner" with Morris-Sambur.

12.     During said communications, Fawzy represented that he had more than sufficient funds available to him to invest in such an enterprise.  When Morris-Sambur specifically inquired as to the source of the funds, Fawzy stated that his brother in Egypt operated a travel

agency business and that his family in Egypt was wealthy and more than willing to provide him with any funds he might need.

13.  When Morris-Sambur specifically inquired as to whether Fawzy had sufficient resources available to invest in the nascent business, Fawzy replied that he did.

14.  Following their early negotiations regarding the role of each in the business, Devanshu L. Modi, Esq., a New Jersey attorney, was hired on behalf of the corporation to prepare a draft Operating Agreement for CORA, LLC.

15.  Following Modi's preparation of the draft Operating Agreement, copies were sent to both Fawzy and Morris-Sambur.

16.  In a conference call on which Modi, Morris-Sambur, Fawzy, and Fawzy's then-fiancee, who, upon information and belief, is a certified public accountant, were present, Modi explained the draft Operating Agreement to Fawzy and Morris-Sambur and sought to clarify any questions either of them had.  Modi also explained the legal obligations Fawzy was undertaking pursuant to the Operating Agreement.  Modi repeatedly stated during the conference call that he represented only the company and neither Morris-Sambur nor Fawzy in their individual capacities.

17.  Thereafter, Fawzy executed a copy of the finalized Operating Agreement and forwarded it to Morris-Sambur.  Morris-Sambur then executed the Operating Agreement and returned it to Fawzy via mail at Walter Reed Army Medical Center.

18.  Pursuant to Paragraph 5.2 of the Operating Agreement, Fawzy was required to make an initial capital contribution of $100,000.  (See CORA Operating Agreement, a copy of which is attached to Counter-Defendant's Complaint.)  In fact, Fawzy only made an initial capital contribution of $70,000.  (See Amended Complaint at ¶ 22.)

19.    Following his initial capital contribution, Fawzy worked for CORA for a limited period of time, including by training new sub-contractors and developing client projects.  Fawzy also accompanied Morris-Sambur to a conference at the United Nations on behalf of CORA. Over time, however, Fawzy dedicated less time to CORA's business activities and expressed a willingness to stop working for CORA altogether.

20.    Morris-Sambur, in contrast, dedicated herself full-time to CORA's operations and activities, applying for and winning service awards from several state governments.

21.    Upon information and belief, following his break-up with his then-fiancee, despite his previous cooperation with Morris-Sambur and CORA's business activities, Fawzy suddenly changed course and expressed his intent to "resign" from CORA.  In his communications to Morris-Sambur, Fawzy stated that "[a]s for the money, I know you probably used some for the training . . . Whatever the balance is, we can work out some type of payment plan as your business grows.  I also want to make it right to you so whatever charges you had . . . to make the agreement, I'll be taking care of that bill."

22.    Shortly thereafter, however, despite his clear understanding of the start-up nature of the business and of the fact that much of the funds had already been spent, Fawzy demanded the immediate return of his entire $70,000 capital contribution and claimed for the first time that Morris-Sambur had deceived him into investing in CORA.

23.    Despite the fact that Section 7.4(a) of the Operating Agreement specifically provides that "[i]n no event may a Member seek to withdraw from the Company during the first two years of the Company's existence," Fawzy sought to withdraw and demanded the return of his entire capital contribution only approximately three months after entering into the Operating Agreement.

24.     When Morris-Sambur stated that she could not accommodate his request by providing full refund of the whole capital contribution immediately, Fawzy retained counsel, frivolously and in bad faith claimed that he had been misled into entering into the Operating Agreement with Morris-Sambur, and brought the instant action.

25.     As a direct result of Fawzy's lawsuit, CORA has been denied future business, along with the attendant loss of future revenue and goodwill.  As an example, when the State of Maine, with which CORA had previously conducted approximately $63,000 worth of business, became aware of Fawzy's lawsuit, it refused to provide any additional funding or contracts to CORA.  CORA has also been forced to incur legal expenses related to the defense of Fawzy's action.

**COUNT I**
(Fraudulent Inducement)

26.     The allegations contained in paragraphs 1-25 above are incorporated herein by reference.

27.     During the negotiations leading up to the signing of the Operating Agreement, Fawzy knowingly made misrepresentations regarding the source of the funds he was to contribute as his $100,000 capital contribution.

28.     Specifically, although Fawzy represented that the source of the funds would be his family and his brother's travel agency business, upon information and belief stemming solely from the allegations in Fawzy's Complaint (see Amended Complaint at ¶ 7), the sources of said funds were in fact Fawzy's cash on hand and credit card advances.

29.     At the time Fawzy made the misrepresentations regarding the source of the funds for his capital investment, Fawzy knew they were false, and made these representations with the

intent and purpose of deceiving Morris-Sambur into entering into the Operating Agreement with Fawzy.

30.     At the time Fawzy made the misrepresentations, Morris-Sambur did not know, and had no reason to know that Fawzy's statements regarding the source of the funds were false.

31.     Had Morris-Sambur known the true source of Fawzy's funds, she never would have permitted Fawzy to become a member of CORA or to make a capital contribution to CORA.

32.     Counter-Plaintiffs Morris-Sambur and CORA have suffered damages as a result of Fawzy's misrepresentations.

WHEREFORE, Counter-Plaintiffs Morris-Sambur and CORA respectfully request that this Honorable Court rescind the CORA Operating Agreement as respects Counter-Defendant Fawzy, order the subject 33 percent ownership interest returned to CORA, and award punitive damages in an amount to be determined at trial, plus fees and other costs that the Court deems appropriate.

## COUNT II
### (Breach of Contract)

33.     The allegations contained in paragraphs 1-25 above are incorporated herein by reference.

34.     Fawzy has materially breached paragraph 5.2 of the Operating Agreement by failing to make his entire prescribed capital contribution of $100,000.

35.     Fawzy has materially breached paragraph 7.4 of the Operating Agreement by seeking to withdraw from CORA during the first two years of CORA's existence and by bringing the instant lawsuit in bad faith and contrary to the terms of the Operating Agreement in an attempt to enforce that withdrawal.

36.    CORA and Morris-Sambur have suffered damages in excess of $75,000 as a consequence of Fawzy's material breaches.

WHEREFORE, Counter-Plaintiffs Morris-Sambur and CORA demand that a judgment be entered in their favor and against Counter-Defendant Fawzy awarding compensatory damages in an amount to be determined at trial, plus fees and other costs as the Court deems appropriate.

## COUNT III
(Breach of Implied Covenant of Good Faith and Fair Dealing)

37.    The allegations contained in paragraphs 1-25 above are incorporated herein by reference.

38.    Morris-Sambur and Fawzy entered into the Operating Agreement creating CORA, LLC. The Operating Agreement is attached to Plaintiff's Amended Complaint and incorporated herein by reference.

39.    By misrepresenting the source of the funds for his initial capital contribution to CORA, Fawzy willfully and knowingly breached the implied covenant of good faith and fair dealing owed to Morris-Sambur.

40.    By attempting to withdraw from CORA prior to the expiration of two years from the signing of the Operating Agreement and by bringing this lawsuit in a bad faith attempt to enforce that withdrawal in violation of the terms of the Operating Agreement, Fawzy willfully and knowingly breached the implied covenant of good faith and fair dealing owed to Morris-Sambur and CORA.

41.    Counter-Plaintiffs have been and continue to be harmed as a result of Fawzy's breach of the implied covenant of good faith and fair dealing. Counter-Plaintiffs have been damaged in an amount which cannot be fully determined at this time but which, in any event, includes the lost profits and future goodwill assignable to the lost contract from the State of

Maine and all attorneys' fees incurred by Morris-Sambur and CORA in the defense of Fawzy's bad faith action.

WHEREFORE, Counter-Plaintiffs Morris-Sambur and CORA demand that a judgment be entered in their favor and against Counter-Defendant awarding compensatory damages in an amount to be determined at trial, together with punitive damages in an amount to be determined at trial, plus fees and other costs as the Court deems appropriate.

<u>**COUNT IV**</u>
(Negligent Misrepresentation)

42.    The allegations contained in paragraphs 1-25 above are incorporated herein by reference.

43.    Fawzy owed a duty of care to Morris-Sambur in representing the source of the funds for his initial capital contribution to CORA during their initial discussions regarding the formation of the limited liability company.

44.    Fawzy negligently provided Morris-Sambur with false information regarding the source of the funds for the capital contribution in representing that Fawzy would obtain the funds from his family and, in particular, his brother.

45.    Fawzy, upon information and belief, actually obtained the funds he contributed to CORA by utilizing his own cash on hand and personal credit card advances.

46.    Morris-Sambur and CORA were reasonably foreseeable recipients of Fawzy's false representations regarding the source of the funds for the capital contribution.

47.    Morris-Sambur justifiably relied on Fawzy's misrepresentations when she entered into the Operating Agreement with Fawzy.  Morris-Sambur would not have entered into the Operating Agreement or have allowed Fawzy to make an initial capital contribution had she known the true source of the funds.

48.    Fawzy's misrepresentations proximately caused Morris-Sambur and CORA to suffer damages.

49.    Fawzy's false statements were made with reckless disregard as to their veracity and/or the impact they would have upon Morris-Sambur.

WHEREFORE, Counter-Plaintiffs Morris-Sambur and CORA demand that a judgment be entered in their favor and against Counter-Defendant awarding compensatory damages in an amount to be determined at trial, together with punitive damages in an amount to be determined at trial, plus fees and other costs as the Court deems appropriate.

## COUNT V
(Equitable Fraud)

50.    The allegations contained in paragraphs 1-25 above are incorporated herein by reference.

51.    Fawzy attempted to induce Morris-Sambur into allowing him to invest in CORA by misrepresenting presently known facts regarding the source of the funds for his initial capital contribution.

52.    Fawzy intended Morris-Sambur to rely on these statements.  Fawzy made the false claims regarding the source of the funds as a means to convince Morris-Sambur that he had sufficient funds on hand to make the capital contribution without endangering his own economic welfare or well-being.

53.    Morris-Sambur relied on Fawzy's misrepresentations to her detriment and to the detriment of CORA.  Both CORA and Morris-Sambur fully expected Fawzy to make an initial capital contribution of $100,000 as a result of his misrepresentation.  Further, both CORA and Morris-Sambur have suffered damages, including attorneys fees, as a result of Fawzy's bad faith

claims in the instant litigation that arose from his material misrepresentation regarding the source of the funds for the capital contribution.

WHEREFORE, Counter-Plaintiffs Morris-Sambur and CORA respectfully request that this Honorable Court rescind the CORA Operating Agreement as respects Counter-Defendant Fawzy, order the subject 33 percent ownership interest returned to CORA, and award punitive damages in an amount to be determined at trial, plus fees and other costs that the Court deems appropriate.

### PRAYER FOR RELIEF

Counter-Plaintiffs Ilene Morris-Sambur and Creating Opportunities by Recognizing Abilities, LLC, pray for judgment against Counter-Defendant Sameh Fawzy for the damages alleged herein and in such amount as the evidence may show at the time of trial, together with costs, fees, prejudgment interest at the rate allowed by law, and for such other further relief, special and general, at law and in equity, which the Court may deem appropriate.

Respectfully submitted,

THOMPSON HINE LLP

Dated:  July 7, 2008             By:_____/s/ Kip Schwartz_____
                                 Christopher "Kip" Schwartz (D.C. Bar #4 44650)
                                     kip.schwartz@thompsonhine.com
                                 Eric Heyer (admitted *pro hac vice*)
                                 1920 N Street, N.W., Suite 800
                                 Washington, D.C. 20036
                                 Telephone - (202) 331-8800
                                 Facsimile – (202) 331-8330

                                 *Counsel for Defendants Ilene Morris-Sambur and*
                                 *Creating Opportunities by Recognizing Abilities, LLC*

## CERTIFICATE OF SERVICE

I, Kip Schwartz, hereby certify that, on July 7, 2008, I caused a true and correct copy of the foregoing Answer, Affirmative Defenses, and Counterclaim to Plaintiff's Amended Complaint to be served via the Court's efiling/ECF system on the following:

> Donna Drake, Esq.
> Dawn Ellison, Esq.
> Martin Cuniff, Esq.
> Charles Malaise, Esq.
> HOWREY LLP
> 1299 Pennsylvania Avenue, NW
> Washington, D.C. 20004-2402
>
> *Counsel for Plaintiff*

/s/ Kip Schwartz _____