IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMEH FAWZY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:08-cv-00083 (RWR) |
| ) | |
| ILENE MORRIS-SAMBUR and CREATING ) | **PLAINTIFF'S REPLY TO** |
| OPPORTUNITIES BY RECOGNIZING ) | **DEFENDANT'S** |
| ABILITIES, LLC,, ) | **COUNTERCLAIM** |
| ) | |
| Defendants. ) | |

## REPLY TO COUNTERCLAIM

Plaintiff and Counterclaim-Defendant Sameh Fawzy ("Fawzy"), for his Reply to Defendant's Answer, Affirmative Defenses, and Counterclaim ("Counterclaim") to Plaintiff's Amended Complaint, states as follows:

### NATURE OF THE PLEADING

1. Fawzy states that the counterclaim speaks for itself. Fawzy further states that allegations set forth in paragraph 1 calls for a legal conclusion to which no response is required. To the extent that a response may be deemed required, Fawzy denies the allegations of paragraph 1 and demands strict proof thereof.

### PARTIES

2. Fawzy admits the allegations of paragraph 2.
3. Fawzy admits the allegations of paragraph 3.
4. Fawzy admits the allegations of paragraph 4.

## JURISDICTION AND VENUE

5. Fawzy admits the allegations of paragraph 5.

6. Fawzy admits the allegations of paragraph 6.

7. Fawzy admits the allegations of paragraph 7.

8. Fawzy admits the allegations of paragraph 8.

## FACTS

9. Fawzy admits the first sentence of paragraph 9.  Fawzy admits the second sentence of paragraph 9.  Fawzy denies the third sentence of paragraph 9 and demands strict proof thereof.

10. Fawzy states that the allegations set forth in paragraph 10 calls for a legal conclusion to which no response is required.  To the extent to which a response may be deemed to be required, Fawzy denies the allegations of paragraph 10 and demands strict proof thereof.

11. Fawzy denies the allegations of paragraph 11 and demands strict proof thereof.

12. Fawzy denies the allegations of paragraph 12 and demands strict proof thereof.

13. Fawzy denies the allegations of paragraph 12 and demands strict proof thereof.

14. Fawzy states that he lacks sufficient information to either admit or deny the allegations of paragraph 14 and so deny.

15. Fawzy states that he lacks sufficient information to admit or deny whether Morris-Sambur was sent a copy of the draft Operating Agreement and so denies.  Fawzy admits the remaining allegations of paragraph 15.

16. Fawzy denies the allegations set forth in paragraph 16 and demands strict proof thereof.

17. Fawzy admits the first sentence of paragraph 17.  Fawzy lacks sufficient information to either admit or deny whether Morris-Sambur executed the Operating Agreement and so denies it.  Fawzy denies that Morris-Sambur returned the Operating Agreement to Fawzy after allegedly executing it.

18. Fawzy states that paragraph 5.2 of the Operating Agreement speaks for itself. Fawzy admits that he made a contribution of $70,000 to CORA LLC. Fawzy denies all other allegations in paragraph 18.

19. Fawzy admits that he performed work for CORA and denies the remainder of paragraph 19.

20. Fawzy lacks sufficient information to either admit or deny the allegations of paragraph 20 and so denies.

21. Fawzy admits that he expressed a desire to resign from CORA. Fawzy denies the suggestion made by the first sentence of paragraph 21 that his request was not motivated by his discovery of Defendants' misrepresentations. Fawzy denies that the second sentence of paragraph 21 accurately describes the complete substance of discussions between the parties on the subject and therefore denies the second sentence of paragraph 21.

22. Fawzy admits that he requested the return of his $70,000 contribution to CORA, and otherwise denies the remaining allegations of paragraph 22.

23. Fawzy states that Section 7.4(a) of the Operating Agreement speaks for itself. Fawzy admits that he expressed a desire to withdraw from CORA and requested the return of his contribution after approximately three months due to his concerns about Defendants' misrepresentations. Fawzy otherwise denies the remainder of paragraph 23.

24. Fawzy admits that he sued Morris-Sambur and CORA. Fawzy denies the remaining allegations set forth in paragraph 24.

25. Fawzy states that he lacks sufficient information to either admit or deny the allegations of paragraph 25 and so denies.

26. Fawzy incorporates his responses to all facts and allegations as set forth in paragraphs 1-25, above.

27. Fawzy denies the allegations set forth in paragraph 27 and demands strict proof thereof.

28. Fawzy admits that he funded his investment in CORA with cash on hand and credit card advances. Fawzy denies the remaining allegations set forth in paragraph 28 and demands strict proof thereof.

29. Fawzy denies the allegations set forth in paragraph 29 and demands strict proof thereof.

30. Fawzy denies the allegations set forth in paragraph 30 and demands strict proof thereof.

31. Fawzy denies the allegations set forth in paragraph 31 and demands strict proof thereof.

32. Fawzy denies the allegations set forth in paragraph 32 and demands strict proof thereof.

WHEREFORE, Fawzy prays for judgment in his favor and against the Defendants on Count I of the Counterclaim and denies that Defendants are entitled to any of the relief they seek.

33. Fawzy incorporates his responses to all facts and allegations as set forth in paragraphs 1-25, above.

34. Fawzy states that the allegations set forth in paragraph 34 calls for a legal conclusion to which no response is required. Fawzy also states that paragraph 5.2 of the Operating Agreement speaks for itself. To the extent to which a response may be deemed to be required, Fawzy denies the allegations set forth in paragraph 34 and demands strict proof thereof.

35. Fawzy states that the allegations set forth in paragraph 35 calls for a legal conclusion to which no response is required. Fawzy also states that paragraph 7.4 of the Operating Agreement speaks for itself. To the extent to which a response

may be deemed required, Fawzy admits expressing a desire to withdraw from CORA during the first two years of CORA's existence. Fawzy denies all other allegations set forth in paragraph 35 and demands strict proof thereof.

36. Fawzy denies the allegations set forth in paragraph 36 and demands strict proof thereof.

    WHEREFORE, Fawzy prays for judgment in his favor and against the Defendants on Count II of the Counterclaim and denies that Defendants are entitled to any of the relief they seek.

37. Fawzy incorporates his responses to all facts and allegations as set forth in paragraphs 1-25, above.

38. Fawzy admits the allegations set forth in paragraph 38.

39. Fawzy denies the allegations set forth in paragraph 39 and demands strict proof thereof.

40. Fawzy states that the allegations set forth in paragraph 40 calls for a legal conclusion to which no response is required. To the extent to which a response may be deemed required, Fawzy admits expressing a desire to withdraw from CORA during the first two years of the Operating Agreement, and denies all remaining allegations set forth in paragraph 40 and demands strict proof thereof.

41. Fawzy denies the allegations set forth in paragraph 41 and demands strict proof thereof.

    WHEREFORE, Fawzy prays for judgment in his favor and against the Defendants on Count III of the Counterclaim and denies that Defendants are entitled to any of the relief they seek.

42. Fawzy incorporates his responses to all facts and allegations as set forth in paragraphs 1-25, above.

43. Fawzy states that the allegations set forth in paragraph 43 calls for a legal conclusion to which no response is required.

44. Fawzy denies the allegations set forth in paragraph 44 and demands strict proof thereof.

45. Fawzy admits the allegations set forth in paragraph 45.

46. Fawzy denies the allegations set forth in paragraph 46 and demands strict proof thereof.

47. Fawzy denies the allegations set forth in paragraph 47 and demands strict proof thereof.

48. Fawzy denies the allegations set forth in paragraph 48 and demands strict proof thereof.

49. Fawzy denies the allegations set forth in paragraph 49 and demands strict proof thereof.

    WHEREFORE, Fawzy prays for judgment in his favor and against the Defendants on Count IV of the Counterclaim and denies that Defendants are entitled to any of the relief they seek.

50. Fawzy incorporates his response to all facts and allegations as set forth in paragraphs 1-25, above.

51. Fawzy denies the allegations set forth in paragraph 51 and demands strict proof thereof.

52. Fawzy denies the allegations set forth in paragraph 52 and demands strict proof thereof.

53. Fawzy denies the allegations set forth in paragraph 53 and demands strict proof thereof.

    WHEREFORE, Fawzy prays for judgment in his favor and against the Defendants on Count IV of the Counterclaim and denies that Defendants are entitled to any of the relief they seek.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, Fawzy alleges as follows:

### FIRST DEFENSE

54. Defendants' Counterclaim fails to state a claim for which relief may be granted.

### SECOND DEFENSE

55. Defendants' claims are frivolous, lack factual foundation, and are brought in bad faith.

### THIRD DEFENSE

56. Defendants' claims are barred by the doctrine of estoppel.

### FOURTH DEFENSE

57. One or more of Defendants' claims are the subject of an accord and satisfaction.

### FIFTH DEFENSE

58. Defendants' claims are barred by the doctrine of waiver.

### SIXTH DEFENSE

59. Defendants have consented to any purported acts or omissions of Fawzy.

### SEVENTH DEFENSE

60. Defendants' claims are barred by the doctrine of unclean hands.

### EIGHTH DEFENSE

61. Defendants' claims are barred and/or precluded by their fraudulent inducement of Fawzy into executing the Operating Agreement at issue in this case.

### NINTH DEFENSE

62. Defendants are in breach of and in default of the underlying Operating Agreement.

### TENTH DEFENSE

63. Fawzy denies his breach of any common law, contractual, or statutory duties to Defendants.

### ELEVENTH DEFENSE

64. Fawzy denies that he owes any sums of money or has any liability to Defendants as alleged in their counterclaims.

### TWELFTH DEFENSE

65. Defendants' claims are precluded by the statute of frauds.

### THIRTEENTH DEFENSE

66. Defendants' claims are precluded by the parole evidence rule.

### FOURTEENTH DEFENSE

67. Defendants' claims are subject to set-off.

### FIFTEENTH DEFENSE

68. Defendants have failed to comply with the statutory requirements necessary for Defendants to prevail on their claims.

### SIXTEENTH DEFENSE

69. Defendants' claims are barred because Fawzy was privileged and justified in acting as he did.

### SEVENTEENTH DEFENSE

70. Defendants have failed to mitigate any damages that they are alleged to have suffered.

### EIGHTEENTH DEFENSE

71. Defendants have suffered no injury or damages proximately or actually caused by any act or omission of Fawzy.

### NINETEENTH DEFENSE

72. Fawzy at all times and places performed and discharged each and every obligation owed to Defendants, if any, except such obligations as Fawzy was excused from performing as a result of Defendants' conduct and failure to perform their obligations.

### TWENTIETH DEFENSE

73. Fawzy performed and discharged in good faith each and every obligation he owed, if any, to Defendants.

### TWENTY-FIRST DEFENSE

74. Defendants' claims are barred by virtue of Defendants' failure to perform and/or breach of his obligations to Fawzy.

### TWENTY-SECOND DEFENSE

75. Conditions precedent to any payment Defendants allege they are owed by Fawzy are not satisfied.

### TWENTY-THIRD DEFENSE

76. Fawzy intends to rely upon all other defenses as authorized by law.

### PRAYER FOR RELIEF

Plaintiff Sameh Fawzy prays for judgment against Defendants Ilene Morris-Sambur and Creating Opportunities by Recognizing Abilities, LLC on all claims.

      Respectfully submitted,

      /s/ Dawn Ellison

Of Counsel:      Dawn Ellison (DC Bar No. 464296)
      Donna Drake (Pro Bono Representation)
      HOWREY LLP
      1299 Pennsylvania Ave., N.W.
      Washington, D.C. 20004
      (202) 783-0800

      Attorneys for
      Sameh Fawzy

Dated: Washington, DC
       Monday, July 28, 2008

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing **PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM** were served by regular United States mail, postage prepaid, this 28th day of July, 2008 upon counsel for the Defendants:

/s/ James Layman

James Layman