## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMEH FAWZY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:08-cv-00083 (RWR) |
| v. ) | |
| ) | |
| ILENE MORRIS-SAMBUR ) | **Supplemental Memorandum re:** |
| ) | **The Parties' Agreed and** |
| and ) | **Uncontested Motion to Extend** |
| ) | **Deadlines** |
| CREATING OPPORTUNITIES BY ) | |
| RECOGNIZING ABILITIES, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ILENE MORRIS-SAMBUR, ) | |
| ) | |
| and ) | |
| ) | |
| CREATING OPPORTUNITIES BY ) | |
| RECOGNIZING ABILITIES, LLC, ) | |
| ) | |
| Counter-Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| SAMEH FAWZY, ) | |
| ) | |
| Counter-Defendant. ) | |

Pursuant to this Court's August 15, 2008 Order, Plaintiff and Counter-Defendant, Sameh

Fawzy ("Plaintiff"), and Defendants and Counter-Plaintiffs Ilene Morris-Sambur ("Morris-

Sambur) and Creating Opportunities by Recognizing Abilities ("CORA") (collectively referred

- 2 -

to as "Defendants"), by and through counsel, hereby provide the following supplemental

information regarding the previously filed Agreed and Uncontested Motion to Extend Deadlines

in this case. Although Counsel for both parties agree that settlement is an attractive alternative to

full litigation of the dispute between the parties, the parties have reached an impasse in their

settlement negotiations. The sixty-day extension is requested so that the parties have the

opportunity to develop additional facts that should promote settlement in a timeframe that will

conserve the Defendants' resources to facilitate that settlement.

## STATUS OF DISCOVERY TO DATE

1. On July 1, 2008, Plaintiff served Plaintiff's First Set of Requests for Production of

   Documents to Defendant Creating Opportunities by Recognizing Abilities, LLC, and

   Plaintiff's First Set of Requests for Production of Documents to Defendant Ilene Morris-

   Sambur. Defendants were granted a one-week extension to respond to the requests.

   Defendants served written responses on August 8, 2008. Defendants produced

   documents on August 13 and August 18. Defendants' entire production to date consists

   of 256 pages of documents. Defendants are continuing their efforts to produce additional

   responsive documents, including documents that are in the possession of third parties and

   Defendants' representatives.

2. On July 22, 2008, Defendant Morris-Sambur served Defendant/Counter-Plaintiff Morris-

   Sambur's First Set of Document Requests to Plaintiff/Counter-Defendant Sameh Fawzy

   and Defendant/Counter-Plaintiff Morris-Sambur's First Set of Interrogatories to

   Plaintiff/Counter-Defendants Sameh Fawzy. Due to Plaintiff's extended absence from

   the country, a one-week extension to respond to these discovery requests was granted.

- 3 -

The earliest date by which Defendants expect to receive Plaintiff's document production and responses to the interrogatories is August 28, 2008.

3. On July 29, 2008, Defendants noticed Plaintiff's deposition for August 28, 2008. Due to Plaintiff's extended absence from the country and his request for time to respond to written discovery, Defendants have agreed to postpone Plaintiff's deposition.

4. On August 19, 2008, Plaintiff served Plaintiff's First Request for Admissions and First Set of Interrogatories to Defendant Morris-Sambur, and Plaintiff's First Request for Admissions and First Set of Interrogatories to Defendant Creating Opportunities by Recognizing Abilities, LLC.

**DISCOVERY THAT REMAINS TO BE DONE**

5. Plaintiff plans to meet and confer with Defendants during the week of August 25, 2008 regarding the sufficiency of the Defendants' document production to date. If the parties are unable to resolve their dispute regarding the production, Plaintiff anticipates a motions practice before this Court regarding the need to compel the production of additional documents. The resolution of this dispute will fundamentally impact the remaining discovery to be taken in this case.

6. As of this date, Plaintiff intends to take the depositions of Morris-Sambur, Ned Sambur, Cindy Beattie, and Lori Brand.

7. Defendants plan to take the deposition of Plaintiff, as well as any additional witnesses that may be identified by Plaintiff either in written discovery or during his deposition.

8. Until Defendants receive responses from Plaintiff to their written discovery, Defendants lack sufficient information as to the scope of discovery that will be necessary from third parties, including, perhaps, the Department of the Army and/or other military agencies.

- 4 -

Defendants will not be aware of the full scope of such necessary third-party discovery until they are able to obtain further discovery from Plaintiff.

**REASON DISCOVERY NOT COMPLETED WITHIN 120 DAYS**

9.  The parties have worked diligently towards settlement since the inception of this lawsuit and have exchanged several offers and counter-offers.  In addition, to this end, in order to conserve Defendants' resources, Plaintiff's counsel intentionally has delayed and avoided formal discovery, instead attempting to obtain certain information that might facilitate settlement through informal (and less expensive) exchanges of information. Unfortunately, negotiations recently have reached an impasse, and it now appears that litigation may be, in fact, the only way to resolve the dispute between the parties.

10. Since approximately April 2008, Plaintiff has been out of the country.  As stated in the original motion, Plaintiff's absence has impacted the parties' ability to conduct discovery and fully develop the facts of the case.  In addition, Plaintiff's absence has impeded his lawyers' ability to have in-depth and meaningful conversations with him about various settlement options.  In fact, contact with Plaintiff over the past months has been only via sporadic email.  This situation has now dramatically improved, as Plaintiff very recently returned to the United States.

**REASON FOR REQUEST OF 60 ADDITIONAL DAYS FOR DISCOVERY**

11. The parties believe that they could, if necessary, complete discovery in this case in the next few weeks through a very aggressive course of action.  However, such aggressive discovery would likely prove so expensive for Defendants that it would practically foreclose the possibility of settlement.

- 5 -

12. Both parties intend to pursue all discovery options, but hope that the additional time
    gained through the extension will give the parties the opportunity to continue meaningful
    settlement discussions as additional facts come to light.  Without the extension,
    Defendants' resources will quickly be depleted and settlement will be foreclosed as an
    option.  A 60-day extension gives the parties adequate time to not only complete the
    discovery necessary to try the case, but also to preserve the possibility of settlement and
    to engage in additional, meaningful settlement negotiations.

Dated:  August 25, 2008

*For Plaintiff Sameh Fawzy*

HOWREY LLP
1299 Pennsylvania Ave., NW
Washington, DC 20004
(202) 383-6848 – Telephone
(202) 383-6610 – Facsimile

BY: /s/ Dawn Ellison_____
    DAWN ELLISON
    DC Bar No. 464296
    ellisond@howrey.com

BY: /s/ Donna Drake _____
    DONNA DRAKE
    Pro Bono Representation
    draked@howrey.com


*For Defendants Ilene Morris-Sambur and Creating
Opportunities by Recognizing Abilities, LLC*

- 6 -

THOMPSON HINE LLP
1920 N Street, NW
Suite 800
Washington, DC 20036
(202) 331-8800 Telephone
(202) 331-8330 Facsimile

BY: /s/ Brooke Falk-McEnery
     BROOKE FALK-MCENERY
     USDC DC Bar No. 492513
     brooke.falk-mcenery@thompsonhine.com

BY: /s/ Eric Heyer
     ERIC HEYER
     Admitted *Pro Hac Vice*
     eric.heyer@thompsonhine.com

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing Supplemental Memorandum re the Parties'

Agreed and Uncontested Motion to Extend Deadlines were served by email and regular United

States mail, postage prepaid, this 25th day of August, 2008.


/s/ Dawn Ellison_____

Dawn Ellison